NicholsON, C. J.,
delivered the opinion of the court.
In May, 1861, Laird recovered a judgment for §457 against Hansell & Biggs before a justice of the *465 peace in Shelby county, which was stayed by Samuel Folwell. After several executions had issued in 1861, and been returned, and two others in 1867, Folwell executed his note to Laird for $675.41, dated October 10th, 1867, and due February 20th, 1868, in satisfaction of his liability as stayor. Suit was brought on this note in the First Circuit Court of Shelby County, where the defendant Holwell resisted a judgment, on a plea that the note was without consideration.' The parties agreed to submit the case upon the facts to the Circuit Judge, who, upon hearing, the evidence, found that the note was based on a good consideration, and gave judgment for Laird for the amount of the note and interest. From this judgment, after motions in arrest of judgment and for a new trial had been overruled, the defendant appealed to this court.
Where the parties below have agreed to substitute the Judge in place of a jury for the determination of the facts, this court will not disturb the finding of the Judge, unless the preponderance of proof against such finding is so great that we should feel bound to set it aside if the same had been found by a jury on the same facts under a proper charge of the court.
The same reasons which give weight to the verdicts of juries operate alike in support of the action of the Judge in cases submitted to him on the facts.
We have examined the proof in this case, and are satisfied with the conclusion at which the Judge arrived.
The note was executed several years after the expiration of the stay of the judgment. The defense *466 relied on is, that the judgment in satisfaction of which the note sued on was given, was paid and satisfied by Hansell, one of the principals, between June and August, 1861, and that the payment was made to Bird, a constable, who is long since dead.
This defense was sustained by the testimony of Han-sell, but his testimony is so materially weakened by that of Laird, and by other facts and circumstances, that we think the Judge was warranted in finding that the defense of payment was not made out, and that the note was based on a good consideration.
The judgment is affirmed.